Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,923-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GINGER POWELL & NOAH
POWELL

Plaintiffs-Appellants

versus

LINCOLN PARISH SCHOOL
BOARD AN INCORPORATED
BODY THROUGH GREGG
PHILLIPS, IN HIS OFFICIAL
CAPACITY AS PRESIDENT

Defendant-Appellee

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 63,665

Honorable Bruce Edward Hampton, Judge

* * * * *

SMITH & NWOKORIE
By: Brian G. Smith

Counsel for Appellants

HAMMONDS, SILLS, ADKINS,
GUICE, NOAH & PERKINS, LLP
By: Jon Keith Guice
    Neal Lane Johnson, Jr.

Counsel for Appellee

* * * * *

Before COX, STEPHENS, and ELLENDER, JJ.

**COX, J.**

This case arises out of the Third Judicial District, Lincoln Parish, Louisiana, the Honorable Bruce E. Hampton presiding. Ginger Powell and Noah Powell (collectively, "the Powells") appeal the district court's granting of an exception of res judicata and dismissing their case. For the following reasons, we affirm.

## FACTS

On March 18, 2024, the Powells filed a petition for temporary restraining order ("TRO"), preliminary injunction, permanent injunction, mandamus relief, and declaratory judgment against the Lincoln Parish School Board ("the School Board"). The Powells claimed that Noah was prevented from participating in on-campus events during his senior year of high school because he was a virtual student.[1] They asserted that Noah enrolled in the virtual program because of bullying, and the School Board was required to adopt a code of conduct policy to prohibit bullying. The Plaintiffs also alleged that the "clear discrimination by the [School Board's] decisions and actions are in violation of the Plaintiff's due process rights that are afforded through state law and federal law regarding equal education for all public students." They requested a TRO and injunction be issued to prevent the School Board from continuing to ban Noah from campus.

On April 5, 2024, the School Board filed an exception of no right and/or cause of action and prescription. The School Board highlighted the following pertinent facts: the School Board investigated all allegations of bullying brought to its attention during Noah's junior year, and it found no

---

[1] Noah was allowed on Simsboro High School's campus for testing purposes.

evidence of any unaddressed or substantiated misconduct; the School Board offered to place the accused students under a contract to have no contact with Noah, but the Powells declined; and, any restrictions placed on Noah were consistent with his own physicians' restrictions.

On April 5, 2024, a hearing was held. At the beginning of the hearing, a pretrial conference was held off the record. The following conversation ensued when they went back on the record:

MR. GUICE: Yes, Your Honor. Jon Guice on behalf of the defendants and Mr. Smith on behalf of the plaintiffs. The parties believe that they've reached a resolution in this matter that will alleviate the need for the Court's time, and we will try to present a formal Motion to Dismiss with prejudice prior to next week's court.

THE COURT: All right. And I am -- just so that I don't lose this on the docket or in the event things fall through, I'm going to reset this matter for hearing on April 11th at 1:30. Obviously, if I get that dismissal -- written dismissal to me before then signed, nobody will have to appear. Otherwise, we'll just leave it on the docket as it is now.

MR. GUICE: Thank you.

MR. SMITH: Thank you, Your Honor.

THE COURT: Is that acceptable?

MR. SMITH: It is, Your Honor.

On April 11, 2024, the School Board filed a motion to enforce the parties' compromise and dismissal in accordance with the April 5 hearing.

On May 14, 2024, the Plaintiffs filed a petition for damages claiming due process violations related to the on-campus ban and listed the following injuries: discrimination; mental and emotional stress, past and present;

2

depression, past and present; anxiety, past and present; inconvenience; and mental anguish, past and present.

On July 12, 2024, the School Board filed an answer and exceptions of res judicata, no cause/right of action, and vagueness. The Plaintiffs responded and a hearing was set to argue the exceptions.

On August 14, 2025, a hearing was held concerning the form of the dismissal. The School Board argued that the previous hearing transcript proves there was an agreement to dismiss all claims with prejudice. The Powells argued that the dismissal only related to the injunction claim after Noah was permitted to participate in his senior prom, pictures, and graduation ceremony. They asserted that the other issues relating to his treatment as a student were not resolved. The district court stated that both petitions filed by the Powells involved the same alleged behavior by the School Board. The district court also pointed out that counsel for the School Board indicated the suit would be dismissed with prejudice, and when the court asked the Powells' counsel if it was acceptable, he said, "Yes, it is, Your Honor." The district court stated it would sign the judgment dismissing the case with prejudice.

On September 11, 2025, the district court signed its judgment, granting the School Board's exception of res judicata and dismissing the Powells' claims with prejudice. The Powells now appeal.

## DISCUSSION

*Compromise or Settlement*

The Powells assert that there was no compromise between them and the School Board resolving all claims. They highlight the law that a compromise is a contract which is required to be in writing or recited in

3

open court. They assert that their counsel only agreed in open court that the injunction proceeding would be dismissed with prejudice; there was no mention of the separate claims for damages.

The School Board asserts that a compromise was reached, and the hearing transcript clearly reflects the intention of the parties to settle the pending matters.

Although this was not the Powells' first enumerated assignment of error, we take their arguments out of order because their later arguments rely on the existence of a compromise or settlement.

A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C. C. art. 3071. A compromise that releases all claims is not ambiguous simply because it is broad. *Bucks v. DirecTECH Southwest*, 52,474 (La. App. 2 Cir. 2/27/19), 266 So. 3d 467, *writ denied*, 19-00701 (La. 9/6/19), 278 So. 3d 970. Compromises are favored in the law and the burden of proving the invalidity of such an agreement is on the party attacking it. *Bridges v. State, DOTD*, 32,018 (La. App. 2 Cir. 6/16/99), 738 So. 2d 1149.

Louisiana courts have held that "settlement" must be equated with compromise in connection with the rules governing compromise. *See Townsend v. Square*, 94-0758 (La. App. 4 Cir. 9/29/94) 643 So. 2d 787. To be enforceable under Article 3071, a compromise must either (1) be reduced to writing or signed by the parties or their agents, or (2) be recited in open court and be capable of transcription from the record of the proceeding. *Lavan v. Nowell*, 98-0284 (La. 4/24/98), 708 So. 2d 1052. Article 3071 additionally provides that when the agreement is validly recited in open

court, each party acquires the right of judicially enforcing the performance of the agreement even though its substance may later be written in a more convenient form. *Daniels v. State Through Dep't of Transp. & Dev.*, 52,750 (La. App. 2 Cir. 7/17/19), 275 So. 3d 998, *writ denied*, 19-01321 (La. 10/21/19), 280 So. 3d 1173.

Courts will not declare a settlement void without a clear showing that it violates good morals or public interest. *Id.* A compromise instrument is the law between the parties and is interpreted according to the parties' intent, using the general rules of construction applicable to contracts. *Chauvin v. Exxon Mobil Corp.*, 14-0808 (La. 12/9/14), 158 So. 3d 761; *Bucks v. DirecTECH, supra*.

When reviewing a court's interpretation of a compromise agreement and whether it is valid, we apply a manifest error/clearly erroneous standard of review. *Bernadas v. Edet*, 24-0418 (La. App. 4 Cir. 2/26/25), 409 So. 3d 1026.

In this case, a pretrial conference was held off the record. When the record resumed, counsel for the School Board stated that they had reached a settlement and would submit a signed agreement that the case was dismissed with prejudice. The Powells' counsel then agreed when asked by the district court.

As stated above, a compromise is not ambiguous just because it is broad. Here, the stated compromise was to dismiss with prejudice. The district court judge who was involved in this compromise conversation is the same one who determined that a compromise had been agreed to when determining res judicata applied. Based on the transcript, we do not find that the district court was manifestly erroneous in determining that a compromise

5

had been reached and signing a judgment memorializing the compromise. We will not overturn the district court's finding of fact that a compromise was reached and agreed to on the record. We affirm the finding of a valid compromise to dismiss with prejudice.

*Res Judicata*

The Powells assert that the district court erroneously determined that res judicata applied. They argue that res judicata requires a final judgment on the merits, and their case only involves a preliminary injunction, which is provisional and does not adjudicate the merits. The Powells also note that the injunction was unnecessary once graduation participation was allowed, and withdrawal of injunctive relief was procedural, not substantive; therefore, no final merits were adjudicated.

Regarding the requirements for res judicata, the Powells argue that the district court erred in finding identity of cause and thing demanded between the preliminary injunction proceeding and subsequent tort action. They state that the prior proceeding (the injunction) sought equitable relief and the current action seeks compensatory damages, nominal damages, and relief for constitutional violations. They assert that res judicata cannot operate to bar claims that were not adjudicated in the prior litigation.

The res judicata effect of a prior judgment is a question of law that is reviewed de novo. *Crowley v. Rojas*, 56,647 (La. App. 2 Cir. 12/17/25), 427 So. 3d 342; *B.A. Kelly Land Co., LLC v. Aethon United BR LP*, 54,115 (La. App. 2 Cir. 9/22/21), 327 So. 3d 1071, *writ denied*, 21-01828 (La. 2/8/22), 332 So. 3d 671.

The doctrine of res judicata precludes the relitigation of all causes of action arising out of the same transaction and occurrence that were the

subject matter of a prior litigation between the same parties. *Oliver v. Orleans Par. Sch. Bd.*, 14-0329 (La. 10/31/14), 156 So. 3d 596.

Louisiana's res judicata statute, La. R.S. 13:4231, provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has established the following elements for finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Chevron U.S.A., Inc. v. State*, 07-2469 (La. 9/8/08), 993 So. 2d 187.

A valid compromise may form the basis for a plea of res judicata. *Bucks v. DirecTECH, supra*. As stated above, there was a valid compromise between the parties, resulting in the suit being dismissed with prejudice, which forms the basis for this plea of res judicata. Additionally, it is undisputed that the parties are the same.

7

The fourth element of res judicata asks whether the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation. In the second petition, the Powells asserted due process and damages claims stemming from the treatment of Noah. The following chart shows a side-by-side comparison of selected paragraphs from the first petition (which was dismissed with prejudice) and the second petition:

| 1st Petition (TRO, Preliminary Injunction, Permanent Injunction, Mandamus Relief and Declaratory Judgment) | 2nd Petition (Petition for damages) |
|---|---|
| 4. The Plaintiff files these proceedings against Defendants as a result of Defendants' denying the Plaintiff right of due process by not allowing Plaintiff to participate and be present on campus at Simsboro High School. | 2. The Plaintiffs file this suit against Defendant as a result of Defendant denying the Plaintiff, NOAH POWELL, his right of due process by not allowing Plaintiff to be present and participate in school functions and events on campus at Simsboro High School. |
| 10. As a result of the bullying and mistreatment on school campus, Plaintiff suffered from anxiety and depression and was required to seek treatment for his condition. Plaintiff underwent counseling as a result. Plaintiff is participating in virtual learning for his senior year, 2023-2024. | 11. As a result of the bullying and mistreatment on school campus, Plaintiff suffered from anxiety and depression and was required to seek treatment for his condition. Plaintiff is undergoing counseling as a result. |
| 18. The clear discrimination by the Defendant's decisions and actions are in violation of the Plaintiff's due process rights that are afforded through state law and federal law regarding equal education for all public students. | 23. The clear discrimination by the Defendant's decisions and actions are in violation of the Plaintiff's due process rights that are afforded through state law and federal law regarding equal education for all public students. |
| 27. For the reasons cited herein, the law provides no relief by ordinary means, and a delay in obtaining ordinary relief is unjustified. The Plaintiff has already suffered irreparable injury by being | 28. The Plaintiff has already suffered irreparable injury by being improperly denied his due process rights. |

| | |
|---|---|
| improperly denied [his due] process rights. | |
| 28. The Plaintiffs show that as a result of Defendant's actions in violating Plaintiff's due process rights, he has suffered mental stress, depression, and anxiety, and the Plaintiff, NOAH POWELL, has been denied a right to a fair education. | 30. The Plaintiffs show that as a result of the Defendant's actions in violating the Plaintiff's due process rights, Plaintiffs have suffered the following, but not limited to: a) Discrimination; b) Mental and emotional stress, past and present; c) Depression, past and present; d) Anxiety, past and present; e) Inconvenience; and f) Mental anguish, past and present. |
| 29. GINGER POWELL, who is Plaintiff and mother of NOAH POWELL, has suffered mental anguish through the actions of the Defendant regarding her son's treatment. | 29. GINGER POWELL, who is Plaintiff and mother of NOAH POWELL, has suffered stress and mental anguish through the actions of the Defendant regarding her son's treatment. |

As shown from the side-by-side comparison, the alleged due process violations and mental and emotional injuries were stated in the first petition and existed at the time of the settlement.

The fifth element is that the cause or causes of action asserted in the second suit arose out of the same transaction or occurrence as the first litigation. The facts alleged in the first and second petitions are almost identical. The second petition adds a few details (i.e., Noah's GPA and status of graduating with honors) and includes the preliminary injunction proceedings. The substance of the two petitions is the same and the causes of action arose out of the same transaction or occurrence (i.e., Noah's allegations of bullying and ban from campus). We do not find that the district court erred in finding res judicata applied to this case. We affirm the district court's judgment.

*Due Process Claims*

The Powells assert that the public school due process claims warrant adjudication on the merits. They do not cite any provisions of law to support their argument to deny the exception to res judicata due to their asserted due process claims. La. R.S. 13:4232 sets out exceptions to the general rule of res judicata. The Powells agreed to dismiss their claims with prejudice and failed to reserve any claims for further proceedings. This failure does not fall under an exception to res judicata. We affirm the district court's judgment granting the exception of res judicata.

## CONCLUSION

For the reasons stated herein, we affirm the district court's judgment granting Lincoln Parish School Board's exception of res judicata. Costs associated with this appeal are cast on the Appellants, Ginger and Noah Powell.

**AFFIRMED.**